UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62090-CIV-COHN/Seltzer

THOMAS M. SCLAFANI,

    Plaintiff,

vs.

FIRSTSOURCE ADVANTAGE, LLC,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES AND COSTS**

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 10] ("Motion").  The Court has considered the Motion, Plaintiff's Brief and Declaration in Support [DE's 11 and 12], Defendant's Response to Plaintiff's Motion [DE 13], Plaintiff's Reply [DE 14], Plaintiff's Supplement [DE 15], and is otherwise fully advised in the premises.  This motion became ripe on February 27, 2012.

### I.  BACKGROUND

On September 22, 2011, Plaintiff filed this action for claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA").  Complaint [DE 1].  Just over one month after the Answer [DE 5] was filed, Plaintiff filed his Notice of Acceptance of Offer of Judgment [DE 7] and moved for entry of final judgment [DE 8].  The Court granted Plaintiff's motion, entered judgment in favor of Plaintiff and against Defendant with respect to Plaintiff's FDCPA claims, and dismissed without prejudice the remaining TCPA claim [DE 9].  Upon receipt of the final judgment, Defendant's counsel sent an email to Plaintiff's counsel offering to resolve the remaining attorney's fees issue without further litigation [DE

13-1]. Defendant requested Plaintiff's counsel's billing records. Plaintiff did not respond to this offer and request.

Rather, on December 26, 2011, Plaintiff served the instant Motion upon Defendant requesting $2,019.50 in attorney's fees and $380.00 in costs, based upon 5.77 hours at a rate of $350.00 per hour [DE 13-2]. Defendant responded to Plaintiff by reminding counsel that he had offered to resolve the fees issue without the need for litigation, and therefore Defendant objected to the 1.5 hours billed for preparation of the motion for fees and costs [DE 13-2]. Defendant was prepared to pay the remainder of the fees and costs. On January 27, 2012, the day the motion was due, Plaintiff responded to Defendant and offered to reduce the 1.5 hours to 1.0 hour, as some time was required to prepare the billing records requested by Defendant. Exhibit A to Reply [DE 14-1]. This offer came at 11:00am and was only open until 2:00pm. Id. Defendant was unable to resolve the issue in this short amount of time, and the motion was filed with the Court on January 27, 2012. Defendant continues to oppose the attorney fees sought for preparation of the fees motion.[1]

## II.  DISCUSSION[2]

In an individual action under the FDCPA, in addition to damages, a debt collector

---

[1] Plaintiff's counsel submitted a supplement seeking an additional $815.50 for time spent reviewing and responding to Defendant's opposition to his fees motion [DE 15]. As this supplement was only filed on Monday, March 5, the Court presumes that Defendant opposes this additional amount as it also relates to the fees motion.

[2] This Court recently addressed similar motions filed by Attorney Yarbrough in Balthazor v. ARS Nat. Services, Inc., 2012 WL 202786, Case No. 11-60821-Civ (S.D. Fla. Jan. 23, 2012) and Patricka R. Forde v. National Enterprise Systems, Inc., Case No. 11-61204-CIV at DE 29 (S.D. Fla. November 30, 2011). The Court incorporates the legal analysis from those orders into this Order.

may be liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). Defendant does not dispute that Plaintiff is entitled to some amount of attorney's fees in this case. The only dispute concerns the amount of fees to which he is entitled.

### A.  Attorney's Fees

The FDCPA entitles the prevailing party to a "reasonable attorney's fee." 15 U.S.C. § 1692k(a)(3). A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what fee constitutes a "reasonable" hourly rate and what number of compensable hours constitute a "reasonable" number of hours, a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Accord Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[3] In addition, a district court is "empowered to exercise discretion in determining whether an

---

[3]  Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

award is to be made and if so its reasonableness." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1.  Reasonable Hourly Rate

The first step in calculating the lodestar amount is determining the reasonable hourly rate.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  Id.  Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence.  Id.

Plaintiff was represented in this litigation by Donald A. Yarbrough.  The Motion, as well as Plaintiff's Brief [DE 11] and Yarbrough Declaration [DE 12], identify Mr. Yarbrough's billing rate as $350 per hour.  Defendant does not directly oppose this rate, although Defendant suggests that other judges in this District have awarded Mr. Yarbrough a rate of $300 an hour in similar cases.  The Court's own research indicates that in the cases where Plaintiff's counsel was awarded a $350 hourly rate, rarely was his rate contested.  In addition, there are numerous cases in this district from 2011 that have awarded Mr. Yarbrough only $300 an hour.[4]  In light of this Court's recent decision in Balthazor, the Court

---

[4]    See also, e.g., Bryant v. CAB Asset Mgmt., LLC, Case No. 10-61514-CIV-HUCK, DE 23 (S.D. Fla. April 6, 2011) (awarding $300 per hour and finding no support for an hourly rate of $350 where case was not novel or difficult); Harmon v. Collection Info. Bureau, Inc., Case No. 10-80727-CIV-DIMITROULEAS/SNOW, DE 41 (S.D. Fla. June 28, 2011) (finding rate of $300 to be within range of prevailing market rates for similar services by lawyers of comparable skills, experience, and reputation); Scanlan v.

finds that a billing rate of $325.00 per hour is reasonable.

### 2.  Reasonable Number of Hours Expended

The second step in calculating the lodestar amount involves determining whether counsel expended a reasonable number of hours on the case.  Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity.  See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301.

The Motion seeks reimbursement for 5.77 hours spent litigating this case, including 1.5 hours for preparation of the fees motion, and the Yarbrough Supplement seeks reimbursement for an additional 2.33 hours spent litigating the fees motion.  Defendant argues that Plaintiff should not be allowed to recover 1.5 hours spent on filing the fees motion after Defendant had offered to pay Plaintiff his fee award prior to that time.  In a factually similar decision entered by United States District Judge Kenneth Marra, wherein the Defendant had made a similar offer to resolve the fee issue upon entry of final judgment, the Court reduced a requested amount of 2.0 hours to prepare a fee motion to 1.0 hour.  Reed v. Firstsource Financial Solutions, LLC, Case No. 11-62029, DE 16 (S.D. Fla. Jan. 24, 2012).  Judge Marra found "that 1 hour, as opposed to the 2 sought by

---

Focus Receivables, Mgmt. LLC, Case No. 10-60715-CIV-MOORE, DE 28 (S.D. Fla. July 27, 2011) (paperless order awarding $300 rate and stating, "given that this particular matter was not 'novel or difficult,' this Court agrees with the Report that an hourly rate of $350.00 for counsel Donald Yarbrough would be excessive."); Sclafani v. Allianceone Receivable Mgmt. Inc., 09-61675-CIV-ZLOCH, DE 79 (S.D. Fla. Sept. 28, 2011) ("the Court is satisfied that a reasonable loadstar for Mr. Donald A. Yarbrough, Esq. is $250.00 per hour"); Berg v. Regional Adjustment Bureau, Inc., 10-60645-CIV-ZLOCH, DE 57 (S.D. Fla. Sept. 23, 2011) (same); Waltman v. Nationwide Credit, Inc., 10-60588-CIV-ZLOCH, DE 59 (S.D. Fla. Aug. 26, 2011) (same).

Plaintiff, is a reasonable assessment of how long plaintiff's counsel would have spent in preparing a response to defense counsel's initial correspondence with regard to fees."[5] This Court agrees.  The Court will limit Plaintiff's attorney's fees incurred for preparing the motion for fees to 1.0 hour, and will not award any fees sought in the Supplement.  The fee issue could have been easily resolved based upon Defendant's email sent in response to the entry of final judgment.

### 3.  Lodestar Amount

Of the requested time, the Court will strike 0.5 hours, leaving the reasonable number of hours expended to be 5.27 hours.  Multiplying the reasonable hourly rate ($325.00) by the reasonable number of hours expended (5.27) results in a total lodestar amount of $1,712.75.  Therefore, the Court will award Plaintiff $1,712.75 in attorney's fees.

### B. Costs

The only taxable costs in this case are the filing fee and the service fee, for a total of $380.00.  Defendant does not oppose this award.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 10] is hereby **GRANTED in part** and **DENIED in part**;

2. Plaintiff is awarded a total of $2,092.75 for attorney's fees and costs, which includes $1,712.75 in attorney's fees and $380.00 in costs;

---

[5] This Court does note that Judge Marra awarded the $350 requested by Attorney Yarbrough, a figure that was not opposed in that action.

3. The Court will enter a separate judgment for fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF